IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS WHITTEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-275-DES |
| MARTIN O'MALLEY,[1] | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff Dennis Whitten ("Claimant") seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits under Title II of the Social Security Act (the "Act"). For the reasons explained below, the Court REVERSES and REMANDS the Commissioner's decision denying benefits.

**I.     Statutory Framework and Standard of Review**

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be deemed disabled under the Act, a claimant's impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

---

[1] Effective December 20, 2023, Martin O'Malley, Commissioner of Social Security, is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d). No further action is necessary to continue this suit by reason of 42 U.S.C. § 405(g).

Social security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520(a)(4). This process requires the Commissioner to consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a medically determinable severe impairment(s); (3) whether such impairment meets or medically equals a listed impairment set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) whether the claimant can perform his past relevant work considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can perform other work considering the RFC and certain vocational factors. 20 C.F.R. § 404.1520(a)(4)(i)-(v). The claimant bears the burden of proof through step four, but the burden shifts to the Commissioner at step five. *Lax v. Astrue,* 489 F.3d 1080, 1084. If it is determined, at any step of the process, that the claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).

A district court's review of the Commissioner's final decision is governed by 42 U.S.C. § 405(g). The scope of judicial review under § 405(g) is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's factual findings are supported by substantial evidence. *See Noreja v. Soc. Sec. Comm'r,* 952 F.3d 1172, 1177 (10th Cir. 2020). Substantial evidence is more than a scintilla but means only "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). In conducting its review, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Noreja,* 952 F.3d at 1178 (quotation omitted). Rather, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from

the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (quotation omitted).

## II.    Claimant's Background and Procedural History

On July 14, 2020, Claimant protectively applied for disability insurance benefits under Title II of the Act. (R. 14, 200-03). Claimant alleges he has been unable to work since September 24, 2019, due to back problems, degenerative disc disease, a left knee problem, a right shoulder problem, diabetes, bronchitis, asthma, chronic obstructive pulmonary disease ("COPD"), headaches, difficulty hearing, a cataract, neuropathy in his feet, and pain in his back, hip, and leg. (R. 200, 217). Claimant was 66 years old on the date of the ALJ's decision. (R. 21, 200). He has a college education and past work as a drug and alcohol abuse counselor. (R. 20, 218).

Claimant's claim for benefits was denied initially and on reconsideration, and he requested a hearing. (R. 53-89, 110-11). ALJ Susanne M. Cichanowicz conducted an administrative hearing and issued a decision on March 30, 2022, finding Claimant not disabled. (R. 14-21, 27-51). The Appeals Council denied review on July 25, 2022 (R. 3-8), rendering the Commissioner's decision final. 20 C.F.R. § 404.981. Claimant filed this appeal on September 27, 2022. (Docket No. 2).

## III.   The ALJ's Decision

In her decision, the ALJ found Claimant met the insured requirements for Title II purposes through September 30, 2021. (R. 16). The ALJ then found at step one that Claimant had not engaged in substantial gainful activity during the period from his alleged onset date of September 24, 2019, through his date last insured of September 30, 2021. (*Id.*). At step two, the ALJ found Claimant had the severe impairments of lumbar spine degenerative disc disease status post fusion, cervical spine degenerative disc disease, and left knee arthroplasty, but that his inflammatory polyarthritis, bilateral hand osteoarthritis, right rotator cuff repair, and diabetes mellitus were non-

3

severe. (R. 16-17). At step three, the ALJ found Claimant's impairments did not meet or equal a listed impairment. (R. 17).

Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform less than the full range of light work as defined in 20 C.F.R. § 404.1567(b), as follows:

> [T]he claimant can lift/carry, push/pull 20 pounds occasionally and 10 pounds frequently; he can stand/walk for 4 hours in an 8-hour workday; he can sit for 6 hours in an 8-hour workday; he can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch and crawl.

(R. 17-18). The ALJ provided a summary of some of the evidence that went into this finding. (R. 18-19).

Based on the testimony of a vocational expert ("VE"), the ALJ concluded at step four that Claimant could return to his past relevant work as a drug and alcohol abuse counselor as generally performed in the national economy. (R. 20). Accordingly, the ALJ concluded Claimant was not disabled. (R. 21).

## IV.   Issues Presented

In his challenge to the Commissioner's denial of benefits, Claimant asserts the ALJ failed to consider and account for Claimant's non-severe shoulder impairment and inflammatory polyarthritis in the RFC. (Docket No. 19 at 4-15). The Court agrees.

## V.   Analysis

A claimant's RFC is his "*maximum* remaining ability to do sustained work activities in an ordinary work setting" for 8 hours a day, 5 days per week despite her impairments. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996). In assessing the RFC, "the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe.*" Wells v. Colvin, 727 F.3d 1061, 1065 (10th Cir. 2013); *see also* 20

C.F.R. § 404.1545(a)(2) ("We will consider all of [a claimant's] medically determinable impairments of which we are aware, including . . . impairments that are 'not severe' . . . when we assess [a claimant's] residual functional capacity."). Additionally, the ALJ must "include a narrative discussion describing how the evidence supports each conclusion" as to the claimant's wok-related limitations. SSR 96-8p at *7. The ALJ must explain the basis for the limitations included in the RFC assessment with citations to "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.*

Apart from noting Claimant reported hand pain at a follow-up appointment with Dr. Robert J. Wienecke on May 29, 2020, the ALJ did not mention or consider the effects of Claimant's inflammatory polyarthritis or bilateral hand osteoarthritis whatsoever in the RFC analysis. (R. 18-19). Likewise, despite finding Claimant's right rotator cuff repair was a medically determinable non-severe impairment at step two, the ALJ did not mention Claimant's right shoulder when assessing Claimant's RFC. (R. 18-20). Rather, the ALJ's RFC discussion focused exclusively on the impact of Claimant's severe physical impairments on his ability to work. Thus, the Court agrees the ALJ inadequately considered Claimant's non-severe inflammatory polyarthritis, bilateral hand osteoarthritis, and right rotator cuff repair in the RFC assessment. A clear and specific analysis of what, if any, impact Claimant's non-severe impairments had on the RFC was particularly important in this case, because the VE testified that an individual limited to frequent bilateral handling and fingering could perform Claimant's past relevant work, but an individual limited to occasional bilateral handling could not. (R. 47, 49).

Moreover, the omission of a discussion regarding Claimant's non-severe inflammatory arthritis, bilateral hand osteoarthritis, and right rotator cuff repair demonstrates that the ALJ failed to provide a narrative discussion explaining the evidentiary basis and rationale for the RFC

assessment as required by SSR 96-8p. For instance, the ALJ did not explain, what, if any work-related limitations resulted from Claimant's non-severe inflammatory arthritis, bilateral hand osteoarthritis, and right rotator cuff repair. Additionally, the ALJ omitted manipulative limitations from the RFC determination without explaining why Claimant's non-severe inflammatory arthritis, bilateral hand osteoarthritis, and right rotator cuff repair did not impose any limitations. Absent a discussion of how Claimant's non-severe impairments were accounted for in the RFC assessment, or an explanation why such impairments did not impose any functional limitations, the Court is unable to "credit [the ALJ's] conclusion with substantial evidence." *Wells,* 727 F.3d at 1071.

In sum, the ALJ erred by relying on his non-severity finding at step two "as a substitute for a proper RFC analysis" with respect to Claimant's non-severe inflammatory arthritis, bilateral hand osteoarthritis, and right rotator cuff repair. *Id.* at 1065. Accordingly, the matter will be remanded for further proceedings consistent with this Order. *See id.* at 1071 (remanding for further proceedings "concerning the effect of [claimant's] medically determinable mental impairments on her RFC, and for further analysis at steps four and five, including any further hearing the ALJ deems necessary").

## VI.  Conclusion

For the foregoing reasons, the Commissioner's decision finding Claimant not disabled is REVERSED and REMANDED for proceedings consistent with this Opinion and Order.

SO ORDERED this 14th day of March, 2024.

D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE